GRACE BRANDENBURG, PLAINTIFF, v. LEOPOLD W. A. BRANDENBURG, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 12, 1951.

*Mr. George P. Moser,* attorney for plaintiff.

*Mr. Samuel M. Friedman,* attorney for defendant.

McLEAN, J. S. C.  This is a motion for an indefinite delay in the further hearing of the above case.  It has been partly tried.  The complaint was filed April 25, 1949, and the case is now entering its third year of judicial existence.  An order to take the deposition of the defendant has been entered upon terms satisfactory to both counsel.  Adjournments have been heretofore granted on the representation of counsel that efforts were being made toward an adjustment of the differences between the parties, resulting only in the substitution of counsel and further delay.

Defendant is now confined in the Federal Hospital at Springfield, Missouri, as a prisoner completing a five-year sentence.  The date of his release is uncertain and because of other charges pending against him his future is unpredictable.

The purpose of the rules promulgated to implement our practice is to prevent unjustifiable expense and delay.

Plaintiff is entitled to have her cause determined. Defendant is represented by competent counsel and is available for consultation. He should not be permitted to delay the trial of the action until the years dim the relevant proofs. The rules for taking depositions are designed to serve in such a situation and they afford every protection to those concerned.

Defendant will be given reasonable opportunity to perfect his defense, notwithstanding the time he has already had for such purpose. To that end, the further and final hearing will be set down for Monday, April 16, at ten o'clock at the Chancery Chambers, No. 1 Exchange Place, Jersey City. The taking of the depositions should be proceeded with; otherwise, it will be presumed that defendant is no longer interested and the case will be determined on the proofs already submitted on the part of the plaintiff. The time allowed anticipates disposal of any contest in the trial court, and ample time for the record to be submitted to the Appellate Division before the summer recess.